# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: March 2, 2017

```
* * * * * * * * * * * * * *
                          *
ISABEL TERRELL,           *
                          *    UNPUBLISHED
                          *
Petitioner,               *    No. 13-334v
                          *
v.                        *    Chief Special Master Dorsey
                          *
SECRETARY OF HEALTH       *    Attorneys' Fees and Costs; Unreimbursable
AND HUMAN SERVICES,       *    Administrative Tasks; Reduced Rate for
                          *    Paralegal Tasks
          Respondent.     *
                          *
* * * * * * * * * * * * * *
```

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
Debra A. Begley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      On May 17, 2013, Isabel Terrell filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to 34 (2012).  Petitioner alleged that as a result of receiving a tetanus diphtheria ("Td") vaccine on March 21, 2009, she developed a shoulder injury related to vaccine administration ("SIRVA"), which lasted for more than six months.  On

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

July 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  ECF No. 87.

On January 18, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner's Application ("Pet'r's App.").  ECF No. 92.  On January 24, 2017, petitioner filed a corrected application for attorneys' fees and costs, with several attachments that were inadvertently omitted from the original application.  Pet'r's Corrected ("Corr.") App.  ECF No. 93.  Petitioner requests attorneys' fees in the amount of $116,261.00 and attorneys' costs in the amount of $7,055.75, for a total award of $123,316.75.  On February 1, 2017, respondent filed a response to petitioner's corrected application for attorneys' fees and costs.  ECF No. 94. Respondent "respectfully recommend[ed] that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response ("Resp.'s Resp.") at 3.  On March 1, 2017, petitioner filed her signed statement that she has not incurred any fees or costs related to the prosecution of her claim, pursuant to General Order #9. ECF No. 95.  Petitioner's application for attorneys' fees and costs is now ripe for a decision.

For the reasons discussed below, the undersigned awards petitioner a total of $107,323.20 in attorneys' fees and $7,055.75 in attorneys' costs, for a total award of $114,378.95.

## I.     Discussion

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. §§ 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a.   Reasonable Hourly Rate

Petitioner requests $350.00 per hour for Ms. Durant's work performed from 2013 through 2016.  The undersigned recently issued a reasoned decision awarding Ms. Durant $350.00 per hour in 2015 and 2016.  DiPietro v. Sec'y of Health & Human Servs., No. 15-742V, 2016 WL 7384131 at *5 (Fed. Cl. Spec. Mstr. Oc. 6, 2016); see also McCloud v. Sec'y of Health & Human Servs., No. 16-719V, 2016 WL 8077964 at *2 (Fed. Cl. Spec. Mstr. Dec. 23, 2016) (Special Master Gowen adopting the analysis in DiPietro and awarding the same rate for Ms. Durant's work in 2015 and 2016).  Like in DiPietro, in the present case, the undersigned will award $350.00 per hour for Ms. Durant's work performed in 2015 and 2016.

The undersigned will also award $350.00 per hour for Ms. Durant's work performed in 2013 and 2014.  In McCulloch, Special Master Gowen concluded that an attorney with eight to ten years of experience could reasonably be awarded $275.00 to $350.00 per hour.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Ms. Durant had nine years of experience in 2013 and ten years in 2014. While her requested rate is at the top of the McCulloch range for an attorney of her experience, she did obtain a good result for her client and has built a strong reputation within the Vaccine Program.  Therefore, it is also reasonable to award her $350.00 for work performed in these years.

The undersigned will reduce Ms. Durant's requested rate of $365.00 per hour for 2017, which would represent a 4.3% increase from the rate billed in prior years. Petitioner does not provide any rationale for this requested increase. Furthermore, the request exceeds the 3.7% growth rate for attorney's fees established in McCulloch. 2015 WL 5634323 at *16. The undersigned will apply the McCulloch growth rate, which results in a reduced rate of $363.00 per hour for Ms. Durant's 13.4 hours of work in 2017. Thus, the fee award is reduced by $26.80.

Petitioner also requests $140.00 per hour for work performed by Ms. Durant's paralegal, Ms. Ashley Raina, from 2013 to 2016. Ms. Raina's work was previously compensated at this rate. DiPietro at *4, n. 6. The undersigned will award this rate in the present case.

### b.  Review of Billable Hours

Petitioner requests compensation for 314.6 hours of work and travel[3] by her counsel, Ms. Durant. She also requests compensation for 55 hours of work by Ms. Raina. Based on the undersigned's review, the billing records submitted in this case appear to be contemporaneous, specific, and appropriate. Ms. Durant also submitted an affidavit in which she acknowledges that "the amount of fees and costs sought in this case is higher than what is usually requested in a typical SIRVA claim," and then argues why "this case was not typical in any way." ¶ 2. Ms. Durant notes that she needed to obtain and analyze voluminous records. She also participated in lengthy settlement negotiations, including two mediations. Based on a careful review of the billing records and Ms. Durant's affidavit, the number of hours expended in this case appears to be reasonable.

However, the undersigned finds that it is not appropriate to award compensation for time spent completing administrative work, such as filing documents on CM/ECF and scheduling status conferences and mediations. She also reduces the petitioner's fee award for tasks performed by Ms. Durant, which could have been performed by a paralegal. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### 1.  Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of Health & Human Servs., No. 2-10V, 2016 WL 720969, *5 (Fed. Cl. Spec.Mstr. Feb. 4, 2016).

---

[3] Ms. Durant appropriately billed 50% of her regular attorney rate for the time spent traveling.

Petitioner's counsel's time sheets contain numerous entries that are best characterized as administrative time.  For example, Ms. Durant billed time for emailing the court and respondent for scheduling purposes.[4]  She also billed for reviewing orders that scheduled status conferences and mediations, granted extensions of time, and determined other deadlines.[5]  In total, Ms. Durant billed at least 6.2 hours[6] at $350.00 per hour, totaling $2,170.00, for time entries that are best characterized as administrative work.  They do not constitute billable time, therefore, they will be deducted from the fee award.

## 2.  Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal.  Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). After carefully reviewing petitioner's fee application, the undersigned finds that Ms. Durant billed her regular attorney rate of $350.00 per hour for certain hours spent performing tasks that are most appropriately characterized as paralegal work. These hours should instead be compensated at the paralegal rate of $140.00 per hour.

For example, Ms. Durant billed at least 20 hours for contacting the Social Security Administration and other government officials in an effort to obtain petitioner's Social Security records.[7]  She spent at least 0.5 hours drafting and filing motions for extensions of time.[8]  She spent at least 1.4 hours filing medical records and other documents.[9]

Petitioner's filing records show that her counsel billed at least 32.1 hours for performing paralegal tasks.  These entries will not be compensated at counsel's regular attorney rate, but at the rate found to be appropriate for her paralegal.  Accordingly, the fee award is reduced by $6,741.00.

---

[4] See, e.g., entries for emails on April 13, 2015, and March 4, 2016.  Pet'r's App., Ex. 1 at 20-21, 34.

[5] See, e.g., Ms. Durant's review of scheduling orders on January 9, 2014; February 24, 2014; April 29, 2014; June 10, 2014; December 8, 2014; and February 24, 2015.  Pet'r's App., Ex. 1 at 3, 5, 11, 16-17.

[6] The entries listed above do not constitute an exhaustive list of administrative entries in petitioners' attorneys' billing records but rather are intended to serve as an example of those types of entries.

[7] See passim, Pet'r's Corr. App., Ex. 1 at 9, 11-19.

[8] See entries on April 28, 2014; June 6, 2014; December 4, 2015; and December 9, 2015.  Pet'r's Corr. App., Ex. 1 at 4, 5, 32.

[9] The undersigned identified such entries on July 14, 2014; July 18, 2014; August 13, 2014; July 2, 2015; July 14, 2015; and August 13, 2015.  Pet'r's Corr. App., Ex. 1 at 7, 8, 9, 24, 26.

### 3.  Block Billing

Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is disfavored.  Broekelschen v. Sec'y of Health & Human Servs., No. 07-127V, 2008 WL 5456319, *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., No. 9-670V, 2006 WL 3903710, *8-9 (Fed. Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., No. 92-663V, 1997 WL 842543 at *5 (Fed. Cl. Spec. Mstr. April 23, 1997); Mostovoy, 2016 WL 720969.  Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."  Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Ed. 2004), § XIV.A.3.

The undersigned notes that Ms. Durant engaged in block billing in this matter, which made it more difficult to review the reasonableness of her fee application.  On March 8, 2015, she made a single entry for 8.0 hours spent on "preparation of settlement memorandum."[10]  This vague, large block of time is difficult to evaluate.[11]  Also, on June 22, 2014, she charged her regular attorney rate for 0.6 hours of work, described as: "Request updated medical records. Request information and medical opinion re. client's current condition.  Contact client to provide update re. status of litigation.  Draft memorandum to file."[12]  Attorney-client communications may be appropriately billed at an attorney's regular rate.  However, as discussed above, obtaining records is characterized as paralegal work, and should be billed at a paralegal rate. Because these tasks merit different hourly rates, it is inappropriate to bill them in one block of time.  The undersigned awards fees for these entries, but cautions Ms. Durant to avoid block billing in the future.

### c.  Costs

Petitioner requests a total of $7,055.75 in costs incurred by her counsel.  Pet'rs' App. at 1.  These costs include the filing fee, medical record production, postage, and photocopies.  The undersigned finds these costs reasonable and reimburses them in full.

## II.  Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[10] Pet'r's Corr. App., Ex. 1 at 17-18.

[11] See, e.g., Pet'r's Corr. App., Ex. 1 at 18.   These entries are cited as examples and they do not constitute an exhaustive list of counsel's block billing in this matter.

[12] Pet'r's Corr. App., Ex. 1 at 6.

| | |
|---|---|
| Attorneys' Fees Requested | $116,261.00 |
| (Reduction to Ms. Durant's Hourly Rate for Attorney Work in 2017) | ($ 26.80) |
| (Reduction for Administrative Tasks) | ($ 2,170.00) |
| (Reduction to Ms. Durant's Hourly Rate for Paralegal Tasks) | ($ 6,741.00) |
| **Total Attorneys' Fees Awarded** | **$107,323.20** |
| **Attorneys' Costs Awarded** | **$   7,055.75** |
| **Attorneys' Fees & Costs Awarded** | **$114,378.95** |

**Accordingly, the undersigned awards a lump sum in the amount of $114,378.95, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Ms. Isabel Terrell, and her counsel, Ms. Leah V. Durant.**[13]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[14]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.